Matter of April B. v Relisha H. (2025 NY Slip Op 00782)

Matter of April B. v Relisha H.

2025 NY Slip Op 00782

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., González, Scarpulla, Rosado, O'Neill Levy, JJ. 

Docket No. V-014273-21 Appeal No. 3649 Case No. 2023-06405 

[*1]In the Matter of April B., Petitioner-Respondent,
v
Relisha H., Respondent-Respondent. A.B.H., Child-Appellant.

Daniel P. Moskowitz, Jamaica, for appellant.
Leslie S. Lowenstein, Woodmere, for April B., respondent.
Geoffrey P. Berman, Larchmont, for Relisha H., respondent.

Order, Family Court, Bronx County (M. Liberty Aldrich, J.), entered or about November 15, 2023, which, after a hearing, determined that petitioner had standing by equitable estoppel to seek custody of or visitation with the subject child, unanimously reversed, on the law, without costs, and the custody petition dismissed.
The dismissal of the custody petition without prejudice during the pendency of this appeal has not rendered it moot, as the rights of the parties as parents and their ability to pursue another court action will be directly affected by a determination of this appeal (see Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
As to the merits, Family Court erred in concluding that petitioner established standing by equitable estoppel, as the record failed to establish through clear and convincing evidence that the relationship between the child and petitioner rose to the level of parenthood and that it was in the child's best interests for them to maintain contact (see Matter of K.G. v C.H., 163 AD3d 67, 82-83 [1st Dept 2018]). While the record contains evidence suggesting that petitioner and the child had an ongoing relationship throughout the child's formative years, the record does not support the idea that disrupting such a relationship would be harmful to the child's best interests. Petitioner never lived with the child or assumed any financial responsibilities for her. Although petitioner credibly testified that the child visited her frequently during the first three years of the child's life, there was no evidence that petitioner consistently cared for the child or that the child looked upon petitioner as a parental figure.
Importantly, there was evidence that the child did not recognize or view petitioner as parental figure (id. at 82-83). From the child's perspective, the only other parent she knew, aside from respondent, the child's biological mother, was the mother's companion, whom she regarded as her father and with whom she reported having a close, bonded relationship with, undercutting petitioner's equitable estoppel claim (see Matter of Chimienti v Perperis, 171 AD3d 1047 [2d Dept 2019], lv denied 33 NY3d 912 [2019]).
We have significant concerns with this matter. Although an attorney for the child (AFC) was appointed by the Family Court in April 2022, it was not until 16 months later that the AFC first met with and interviewed her client, despite the Family Court's efforts and an order requiring that respondent produce the child for the AFC. Such delay should not be countenanced given the importance of a child's perspective in these matters.
Although petitioner might have held out the child as her own, there was no evidence presented that anyone in the family or the community viewed them as having a parent-child relationship. Additionally, she failed to demonstrate that she engaged in any decision-making with the biological mother on major issues concerning the child, such as healthcare, welfare, education[*2], or religion. While the option was discussed, petitioner never took any steps to legally formalize her relationship with the child, such as signing the birth certificate or pursuing second parent adoption.
We recognize that "children within our society are being raised in a variety of familial constellations" often living in households with or having close relationships to individuals unrelated to the child (see In re Comm'r of Social Servs. ex rel. R./S. Children, 168 Misc 2d 11 [Fam Ct, Erie County 1995]). While we credit the lower court's determination that petitioner credibly testified to having been a part of the child's life, she ultimately failed to meet her burden of establishing by clear and convincing evidence that the child looked upon the relationship with petitioner as a parental bond, or that it would be in the child's best interests to formalize and protect such relationship.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025